# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1481 | **DATE** | 1/12/2004 |
| **CASE TITLE** | Helen E. Henning vs. Maywood Park Trotting Assoc., Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Defendants Maywood Park Trotting Association, Inc., Associates Racing Association, Inc., and Horseman's Guarantee Corporation of America's motion for summary judgment [28-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 2 | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | JAN 1 2 2004 | 41 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | IS | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 1/12/2004 | |
| IS | courtroom deputy's initials | | | date mailed notice IS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAN 1 2 2004

HELEN E. HENNING, )
)
Plaintiff, ) Case No. 02 C 1481
)
v. ) Magistrate Judge
) Martin C. Ashman
MAYWOOD PARK TROTTING )
ASSOC., INC., ASSOCIATES RACING )
ASSOCIATION, INC., HORSEMAN'S )
GUARANTEE CORP., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Helen Henning filed a one-count employment discrimination complaint against Defendants Maywood Park Trotting Association, Inc., Associates Racing Association, Inc., and Horseman's Guarantee Corporation of America (collectively "Defendants"), alleging retaliation under the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) (Title VII). Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] For the following reasons, Defendants' motion is granted.

### I. Background

Before turning to the facts of this case, we find it necessary to discuss the collective failure of all parties to follow the Local Rules. Pursuant to Local Rule 56.1(a)(3), a party moving

---

[1] The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(b).

4\

for summary judgment must file a separate statement of uncontested material facts setting forth the facts that entitle the party to judgment as a matter of law. This statement is not optional, and a failure to file such a statement may result in the Court denying the motion. Local R. 56.1(a). The party opposing the motion for summary judgment is required to file a response to the statement of uncontested facts as well as any opposing affidavits. Local R. 56.1(b). Defendants failed to file a statement of material uncontested facts, and only filed one affidavit in support of their motion. Plaintiff could not have filed a response to a non-existent fact statement, but should have brought Defendants' remissness to the attention of the Court. Additionally, Plaintiff has failed to file any affidavits or other supporting evidence to oppose the motion. Both parties have failed to follow this very clear Local Rule.[2] Nevertheless, rather than denying the motion for summary judgment, the Court has decided to consider it since the decision appears to be clear. The facts as set forth below have been gleaned from the Plaintiff's complaint and any additions and amendments to the complaint as well as Defendants' unopposed affidavit in support of their motion.

Henning is currently a pari-mutuel clerk at the Maywood Park Race Track.[3] She has been employed at the track for over seventeen years. In May 2001, Henning filed a charge of sex and race discrimination against Defendants with the Illinois Department of Human Rights. The IDHR dismissed these charges on August 28, 2001.

---

[2] Additionally, both parties have filed extraneous briefs (beyond the normal response and reply) without leave of Court.

[3] Although Henning works at the Maywood Park Race Track, her actual employers for purpose of this suit are Defendants.

On October 17, 2001, Henning was present at the Maywood Park Race Track. That night, a patron named William Webster complained to the track's security that Henning had told him that she hated "Whites" and that she wished that terrorists would hi-jack a plane and kill more white people. The security officer reported the situation to General Manager Ken Kiehn. Kiehn was concerned that the remarks would scare other patrons at the track because the remarks came so soon after the terrorists attacks of September 11th. Kiehn was also concerned that Henning might somehow be involved in some sort of plan to attack a crowd. Kiehn decided that he should exclude Henning from Maywood Park until he was able to investigate the matter further.

Henning appeared in Kiehn's offices and was told that she must leave the premises and would not be allowed to work at Maywood Park until an investigation into the matter had been completed. Henning claims that her name was announced over the loudspeaker "as though she was a terrorist" and that Kiehn told her that she was suspended until further notice. (Am. Compl. ¶¶ 3, 4.) Kiehn claims that Henning was excluded, pursuant to state law, from the track. She was not "suspended" from work because she was still allowed to participate in the Horsemen's Guarantee Corporation of America's employee pool and work as a pari-mutuel clerk for other racing associations in the Chicago area.

Kiehn completed his investigation over the next three to four weeks. At the end of his investigation, he concluded that Henning was no longer a threat to the orderly conduct of racing at the track, and he withdrew her exclusion from the track. Kiehn called Henning to his office and, according to Henning, told her that "they would pay her for four (4) days and she had been suspended for a month . . . ." (Am. Compl. ¶ 7.)

Henning filed an EEOC charge, claiming that Defendants suspended her in retaliation for her complaints to the IDHR. The EEOC issued a right to sue letter to Henning on November 30, 2001. This suit followed.

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the Court rules on a motion for summary judgment, it must view all evidence, and draw all reasonable inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When the non-moving party bears the burden of proof on an issue, however, she may not simply rest on the pleadings, but instead must affirmatively set forth specific facts establishing the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-26. Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" and summary judgment must be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## B. Retaliation

Under Title VII, it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). There are two methods for a plaintiff to defeat summary judgment when alleging retaliation – the direct evidence approach or the *McDonnell Douglas* burden-shifting method as applied to the retaliation context. *Stone v. Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). Henning does not meet the requirements of the former method as she does not present any evidence that would establish retaliation without resort to inferences from circumstantial evidence. *See id.* (noting that "mere temporal proximity between the filing of the charge of discrimination and the action alleged to have been taken in retaliation for that filing will rarely be sufficient in and of itself to create a triable issue").

Henning has also failed to establish that a material issue of fact prevents this Court from granting summary judgment in Defendants' favor under the burden-shifting method. To establish a prima facie case of retaliation under the burden-shifting approach, Henning must show that: (1) she engaged in a statutorily protected activity; (2) she met her employer's expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than any other similarly situated employee who did not engage in such protected activity. *See Stone*, 281 F.3d at 644. Even if Henning could prove all these elements, Defendants are still entitled to summary judgment if they have presented unrebutted evidence of a noninvidious reason for the adverse action. *See id.*

Defendants do not dispute that Henning will be able to present her prima facie case. Taking our cue from Defendants, we will assume that she will be able to prove the first four elements of this method, and assume that Kiehn knew of her complaints to the IDHR, and only consider the question of whether Defendants have presented an unrebutted noninvidious reason for excluding Henning. We find that they have presented such a reason.

Under the Illinois Horse Racing Act, Maywood Park Race Track can exclude any person:

> whose conduct or reputation is such that his presence on those facilities may . . . call into question the honesty and integrity of horse racing or wagering or interfere with the orderly conduct of horse racing or wagering, provided, however, that no person shall be excluded or ejected from the facilities of any licensee solely on the grounds of race, color, creed, national origin, ancestry, or sex. The power to eject or exclude an occupation licensee or other individual may be exercised for just cause by the [facility.]

230 ILCS 5/9(e). Thus, Kiehn, the general manager, had the power under Illinois law to exclude any person from the track,[4] as long as he had just cause to suspect that the person might interfere with the orderly business of the track. Kiehn did not have to have reasonable or good cause to exclude Henning; rather, he merely had to have "just cause." *See Phillips v. Graham*, 427 N.E.2d 550, 554 (Ill. 1981).

Henning has failed present evidence to rebut Defendants' assertion that she was excluded for just cause from the track. Kiehn received a report from the track's security officers that William Webster had reported that Henning had made a comment relating to terrorists and filling a plane with white people and crashing it into a building. Henning does not dispute that she

---

[4] It seems irrelevant to our analysis to determine whether Henning was present as a patron (as Defendants claim) or as an employee (as she claims) and Henning has not provided us with any reason to make this determination. Henning is not an occupation licensee, (see 230 ILCS 5/3.09), and even if she were, she could still be excluded from the track for just cause. As a patron, she falls in the "any other individual" category, and can also be excluded for just cause.
- 6 -

made this comment. Webster signed a statement the same day the comment was made relating the substance of their conversation. Henning has provided no evidence that Kiehn did not act on the basis of her comments but rather acted to retaliate against her for filing a complaint with the IDHR. Kiehn is responsible for the orderly conduct of the horse racing at the track. He was concerned that comments about terrorists and filling a plane with white people would cause disruption and disorder at the track. His duty was to minimize this potential and exclude Henning until the matter could be investigated.

Even if Henning disputed that she made the comment about filling a plane with white people and crashing it into a building, she does not contradict the fact that Webster reported that she had made the comment. Her main argument seems to be that Webster was an acquaintance of Henning's supervisor, and acted in concert with her.[5] Again, the unrebutted evidence shows that Kiehn acted to investigate a problem that was reported to him, regardless of whether Henning actually made the statement or whether Webster had an ulterior motive for making the report.

Furthermore, although Henning does not make this argument, the Court notes that the incident report written by a security officer at the track labeled the incident "Defamation of a Supervisor's Character." This might indicate that Henning was excluded for comments she made on that same day and to Webster about her supervisor, rather than the terrorist comments.[6] Even if she were excluded for this reason, however, her remarks about her supervisor the same day she was excluded could not be the basis for a retaliation claim as it is not a protected activity. But, if

---

[5] Henning does not provide any evidence to support this argument.

[6] The report discusses the terrorist comments at length.

-7-

her comments about her supervisor interfered with the orderly business of the track then this could have been just cause for excluding her from the premises.

Henning has presented no material issue of fact for trial. Defendants have presented a noninvidious reason for excluding her from the track and Henning has failed to rebut this evidence. Defendants' motion for summary judgment should be granted.

### III. Conclusion

For the above reasons, we find that Defendants are entitled to summary judgment. Plaintiff presented no evidence sufficient to create a material issue of fact. Accordingly, this Court grants summary judgment for Defendants Maywood Park Trotting Association, Inc., Associates Racing Association, Inc., and Horseman's Guarantee Corporation of America.

**ENTER ORDER:**

*/s/ Martin C. Ashman*
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: January 12, 2004.

Copies have been mailed to:

| | |
|---|---|
| J. TOBIAS DIXON, Esq.<br>123 West Madison<br>Suite 900<br>Chicago, IL 60602 | DAVID T. NANI, Esq.<br>Kralovec & Marquard, Chtd.<br>55 West Monroe Street<br>Suite 1000<br>Chicago, IL 60603 |
| Attorney for Plaintiff | Attorney for Defendants |