# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1481 | **DATE** | 4/13/2004 |
| **CASE TITLE** | Helen E. Henning vs. Maywood Park Trotting Assoc., Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion to set aside the judgment [43-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR date docketed 2004 | 49 |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 4/13/2004 | |
| IS | courtroom deputy's initials | 2004 APR 13 PM 4:13 | date mailed notice | |
| | | Date/time received in central Clerk's Office | IS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HELEN E. HENNING, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 02 C 1481 |
| | ) | APR 1 4 2004 |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| MAYWOOD PARK TROTTING ASSOC., | ) | |
| INC.; ASSOCIATES RACING | ) | |
| ASSOCIATION, INC.; HORSEMAN'S | ) | |
| GUARANTEE CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On January 12, 2004, this Court entered judgment against Plaintiff, Helen Henning, and in favor of Defendants, after granting Defendants' motion for summary judgment. Plaintiff subsequently filed a motion to set aside the judgment on February 9, 2004. Because Plaintiff did not cite which Rule of Civil Procedure the motion was brought under, the Court allowed her the opportunity to identify such a rule by February 26, 2004. Plaintiff's one paragraph supplemental memorandum identified Rule 60(b)(1)-(3). Because none of these three subsections of Rule 60(b) provide grounds for granting Plaintiff relief, her motion is denied.

First, even a cursory review reveals that the requirements of Rule 60(b)(2) are not met. Plaintiff has not pointed to any newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59. *See* Fed. R. Civ. P. 60(b)(2); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) (newly discovered evidence must not have been discoverable at the time of the original litigation). In her motion, Plaintiff points to an incident

49

report dated October 17, 2001, which she claims was not disclosed by Defendants and would have changed the outcome of the summary judgment motion. To the contrary, Defendants' Motion for Summary Judgment at Exhibit A contains a copy of Plaintiff's Amended Complaint, the Incident Report dated October 17, 2001, and the Follow-up Report dated October 19, 2001. Furthermore, the Court's Memorandum Opinion and Order of January 12, 2004, specifically mentions the October 17th Report at page 7. Even more obviously, this is not "newly discovered evidence," but rather a report that was in Plaintiff's possession almost from the inception of the litigation.

Next, the requirements of Rule 60(b)(3) are not met as there is no evidence of fraud, misrepresentation, or other misconduct on Defendants' part. *See Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). Finally, Plaintiff has not pointed to any mistake, inadvertence, surprise or excusable neglect that would merit setting aside the final judgment under Rule 60(b)(1). *See Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 357-58 (7th Cir. 1997). Plaintiff, in a convoluted fashion, argues that she did not consent to this Court's jurisdiction for a hearing on the motion for summary judgment, but only for the purposes of a trial on the merits, which would indicate she only gave limited consent. As an aside, if this is the basis for her motion, it should have been brought under Rule 60(b)(4) as the judgment would have been void. Be that as it may, we do not find credible her claims that she did not know that she had consented to this Court's jurisdiction and that she had not intended to consent for all matters including the entry of final judgment.

Plaintiff's counsel signed the final Pretrial Order in this matter on August 29, 2003, the same day that Defendants' motion for summary judgment was filed. The final Pretrial Order

provides at paragraph 7: "The parties consent to this case being assigned to a magistrate judge for trial." On October 22, 2003, this case was reassigned to this Court pursuant to Local Rule 73.1(b). The recommendation of reassignment by Judge Norgle indicated that the parties, in the final pretrial order, had consented to "any and all proceedings including the entry of final judgment . . . ." Plaintiff was notified of the Executive Committee's action and did not object to this reassignment. On November 21, 2003, the parties appeared before this Court for a status hearing. At that time, the Court set a date for oral argument on Defendants' motion for summary judgment. Plaintiff did not object to this Court hearing the motion, and in fact subsequently provided additional briefs as well as correspondence to this Court regarding the motion. On December 22, 2003, this Court heard oral argument on the motion. Plaintiff participated in the argument and again did not object to this Court's authority to hear the motion.

We find Plaintiff's belated attempt to argue that she did not consent to this Court's jurisdiction unpersuasive. After the November status hearing, Plaintiff submitted a document entitled "Response Hearing Summary Judgment" to this Court. In that document, Plaintiff argued that "for a Summary Judgment to be heard by this division would amount to a review by the presently assigned Judge of the Motion to Dismiss, filed by defendant and denied by the original Judge." It is clear that Plaintiff was arguing that the motion for summary judgment should not be granted because a motion to dismiss addressing similar issues had already been denied by Judge Norgle, the "original Judge." Her acknowledgment that this Court is the "presently assigned Judge" regarding the motion for summary judgment belies her argument that she did not fully consent to this Court's jurisdiction. At the very least, even if Plaintiff did not clearly and unambiguously consent to this Court's jurisdiction by signing the final Pretrial Order,

her subsequent actions which include appearing in front of this Court to argue the motion, submitting briefs and correspondence regarding the motion to this Court, and not objecting to this Court's authority to decide the motion for summary judgment even after being informed in open court that we intended to enter a decision in this matter indicate at the very least that she implicitly consented to this Court's jurisdiction. *See Roell v. Withrow*, 123 S. Ct. 1696, 1703-04 (2003) (consent to magistrate judge's jurisdiction can be implied in limited exceptional circumstances where the party voluntarily participates in proceedings in front of a magistrate judge).

For the foregoing reasons, Plaintiff's motion to set aside the judgment is denied.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: April 13, 2004.

Copies have been mailed to:

| | |
|---|---|
| J. TOBIAS DIXON, Esq.<br>Power & Dixon, P.C.<br>123 West Madison Street<br>Suite 900<br>Chicago, IL  60602<br><br>Attorney for Plaintiff | DAVID T. NANI, Esq.<br>Kralovec & Marquard, Chtd.<br>55 West Monroe Street<br>Suite 1000<br>Chicago, IL  60603<br><br>Attorney for Defendants |